UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OLEG ALBERTOVICH
BOYARKIN,

    Plaintiff,

v.                                               Case No. 8:25-cv-1048-TPB-AAS

SARA AMBRAMOVICH,

    Defendant.
_____/

## ORDER DISMISSING CASE AND PROHIBITION FROM FILING

This matter is before the Court *sua sponte*. Plaintiff Oleg Albertovich Boyarkin, who is proceeding *pro se*, filed a complaint and his "Emergency Motion for Urgent Appointment of a Federal Medical Examination Regarding Diagnosis of Dementia" on April 25, 2025.[1] (Docs. 1; 2). On May 1, 2025, the Court held a live hearing to discuss this and other matters – namely, two duplicative lawsuits previously filed by Plaintiff − 8:25-cv-00856-TPB-CPT and 8:25-cv-00782-TPB-TGW. Upon review of the complaint, motion, discussions at the hearing, the court file, and record, the Court finds as follows:

---

[1] The complaint in this matter was filed by purported guardian Oleg Olegovich Boyarkin on behalf of his alleged ward, Plaintiff Oleg Albertovich Boyarkin. It appears that Oleg Olegovich Boyarkin is Oleg Albertovich Boyarkin's son. A power of attorney form attached to the complaint designates a man named Albert Olegovich Boyarkin as his attorney-in-fact and agent for Oleg Albertovich Boyarkin, but in the event that Albert Olegovich Boyarkin is unwilling or unable to do so, the form designates Oleg Olegovich Boyarkin as attorney-in-fact and agent. It is therefore not clear from the face of the complaint or exhibits whether Oleg Olegovich Boyarkin has the authority to file the complaint on Plaintiff's behalf.

This case is duplicative of the two other cases and, for this reason alone, is subject to dismissal. But even if examined independently, the complaint suffers from the same defects as the complaints in the other cases. Plaintiff fails to present any viable claims for relief (that is, there is no present case or controversy). More significantly, the complaint does not provide any basis for federal jurisdiction – it fails to present a federal question, and it fails to establish diversity jurisdiction.[2] Finally, the type of relief requested by Plaintiff – an independent medical evaluation – is simply not available in this type of case. Consequently, this case is dismissed, without leave to amend.

## FILING INJUNCTION

The Court notes that it "has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986). For that reason, the Court is "authorized to restrict access to vexatious and abusive litigants." *Brewer v. United States*, 614 F. App'x 426, 427 (11th Cir. 2015) (per curiam).

Here, Plaintiff has demonstrated persistent efforts to obtain relief from this Court to which he is not entitled. In fact, he has filed three duplicative cases in less than one month, each with voluminous exhibits and documentation.[3] He files

---

[2] Although citizenship is not directly alleged, the Court notes that the listed residencies of the parties reflect a high likelihood that diversity does not exist since Florida addresses are listed for both Plaintiff and Defendant

[3] For instance, the complaint in this case, including the attached exhibits, totals 214 pages. Along with the complaint, Plaintiff filed six motions and one notice (the notice sought to file additional "digital evidence."). Two days later, he filed two more motions and a "supplement" to the complaint. Many of these motions are labeled as "emergency" motions although none have constituted an actual emergency.

duplicative motions in each case, including motions seeking a court-ordered medical evaluation.[4] *None of these cases belong in federal court*, as the Court has explained to Plaintiff in prior orders, as well as at the in-person hearing held on May 1, 2025.

The Court has explained that Plaintiff's claims lack a jurisdictional basis and should be litigated, if at all, elsewhere. Despite the Court's admonitions that Plaintiff stop filing these types of cases and motions in federal court, at the hearing, Plaintiff reflected a clear intention to continue his practices. **Most importantly, he also stated he is suffering from ongoing dementia, which is clearly impacting his understanding. Indeed, Plaintiff Oleg Albertovich Boyarkin was recently declared incompetent by a state court in an ongoing criminal case and is presently undergoing competency restoration. And to make matters even more challenging, Russian is Plaintiff's native language, and he can only communicate in English with the aid of an interpreter or the assistance of a family member or friend that speaks English.[5]**

Plaintiff's filing practices, which are clearly impacted by his mental health challenges, have become abusive and burdensome to the judicial system as the Court continues to address duplicative and/or frivolous filings. Although mindful that Plaintiff is a *pro se* litigant who clearly suffers from mental illness, it is

---

[4] For instance, along with the complaint in this case, Plaintiff filed six motions and one notice (the notice sought to file additional "digital evidence."). Two days later, he filed two more motions and a "supplement" to the complaint. Many of these motions are labeled as "emergency" motions although none have constituted an actual emergency.
[5] Many of his filings are in Russian.

apparent that a pre-filing injunction against Plaintiff is necessary to preserve scarce judicial resources.

Consequently, Plaintiff Oleg Albertovich Boyarkin – whether by himself or through a "legal guardian" – is prohibited from filing any submissions (including new cases, motions, or documents) with the Court unless signed by a member of the Florida Bar who is in good standing and eligible to practice before courts in the Middle District of Florida.  *See Martin-Trigona v. Shaw*, 986 F.2d 1384 (11th Cir. 1993) ("The only restriction this Circuit has placed upon injunctions designed to protect against abusive and vexatious litigation is that a litigant cannot be "completely foreclosed from *any* access to the court.") (quoting *Procup*, 792 F.2d at 1074) (emphasis in original).  If Plaintiff submits any document − by paper filing or electronically through the Court's Electronic Document Submission Web Portal − without a signature from counsel, the Clerk is directed to delete, disregard, or otherwise reject the submission.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) This case is **DISMISSED**.

*(2)* Plaintiff Oleg Albertovich Boyarkin is **PROHIBITED** from filing any new cases, motions, or documents unless the submission is signed by a member of the Florida Bar who is in good standing and eligible to practice before the courts in the Middle District of Florida.  This injunction extends to filings

directly by Boyarkin, or by anyone purporting to file a submission on his behalf (such as a guardian).

(3) If Plaintiff submits any document (other than a notice of appeal to this Order) without a signature from counsel, the Clerk is **DIRECTED** to delete, disregard, or otherwise reject the submission.

(4) The Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 2nd day of May, 2025.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE